```
ROBERT A. DOLINKO (SBN: 076256)
rdolinko@nixonpeabody.com
MAE K. HAU (SBN: 293641)
mhau@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel: 213-629-6000
Fax: 213-629-6001
```

Attorneys for Defendant
THE HERTZ CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA AGUIRRE, an individual,<br><br>                Plaintiff,<br><br>   vs.<br><br>THE HERTZ CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>                Defendant. | Case No.:  **'19CV866  MMAKSC**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) AND 28 U.S.C. § 1441(b)**<br><br>[San Diego County Superior Court Case No. 37-2018-00054251-CU-OE-CTL]<br><br>[Filed concurrently with Civil Case Cover Sheet and Declarations of LaKeisha Carter and Mae Hau]<br><br>Complaint Filed: October 24, 2018<br>Trial Date:        February 14, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF NADIA AGUIRRE AND HER ATTORNEYS OF RECORD:**

-1-

**PLEASE TAKE NOTICE** that Defendant The Hertz Corporation ("Defendant" or "Hertz") files this Notice of Removal.  The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b).  In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

## I.  TIMELINESS OF REMOVAL

1. On October 24, 2018, an action was commenced in the Superior Court of the State of California, County of San Diego, entitled *Nadia Aguirre v. The Hertz Corporation, Mauricio Valencia, and DOES 1-50*, as Case No. 37-2018-00054251-CU-OE-CTL (the "State Court Action").  The Complaint was served on Hertz on or about October 29, 2018.  The Complaint has never been served on individual defendant Mauricio Valencia, a California citizen.

2. On April 5, 2019, Plaintiff Nadia Aguirre ("Plaintiff") represented to the Court at the Case Management Conference that Plaintiff could not effect service on defendant Mauricio Valencia ("Valencia") and that Plaintiff would be filing a request to dismiss Valencia.  Plaintiff filed the Request for Dismissal as to Valencia on April 12, 2019.

3. "The [removal] statute provides two thirty-day windows during which a case may be removed – during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'"  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)).  Thus, where the amount in controversy is not clear on the face of the initial pleading . . . the thirty-day period for removal does not "begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable."  *Durham v. Lockheed*

1 *Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(3)).

2   4. The voluntary dismissal of a non-diverse defendant will render an action removable on diversity grounds even if diversity of citizenship was lacking at the time the action was filed. *See Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) (holding that a "voluntary" act by plaintiff can render a case removable); *Southern Pac. Co. v. Haight*, 126 F.2d 900, 904 (9th Cir. 1942) (holding that plaintiffs' petition to set the case for trial against nonresident defendant, where she had not served the resident employee defendants, showed that plaintiff "had abandoned the joint character of her action, and rendered the cause immediately removable to the District Court"); *Harris*, *supra*, 425 F.3d at 696 (finding that case became removable when it became apparent that plaintiff had abandoned his claims against resident defendant).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant is filing this Notice of Removal within 30 days after the case became removable once Plaintiff voluntarily dismissed Valencia, and within one year after commencement of the action.

### A.   The State Court Action

6. Plaintiff filed the State Court Action on October 24, 2018. True and correct copies of Plaintiff's Summons and Complaint, along with the papers which accompanied the Complaint, are attached as Exhibit A to the concurrently filed Declaration of Mae Hau ("Hau Decl.").

7. On November 26, 2018, Hertz filed its Answer to the Complaint. (Hau Decl., Ex. B.)

8. On December 18, 2018, Plaintiff filed an *Ex Parte* Application for Extension of Time to Serve Pleading and Order Extending Time to Serve. Plaintiff stated in the application that she was not able to effect service on Valencia, and requested an extension of 60 days to effectuate service. (Hau Decl., Ex. C.)

9. On December 19, 2018, the Court issued an Order granting Plaintiff's

*Ex Parte* Application and extended Plaintiff's deadline to serve Valencia by sixty days, to February 15, 2019. (Hau Decl., Ex. D.)

10. On February 8, 2019, Plaintiff filed a Stipulated Confidentiality Agreement and [Proposed] Protective Order. The Court entered the requested protective order on February 11, 2019. (Hau Decl., Ex. E.)

11. On March 20, 2019, Plaintiff filed a Case Management Statement stating that "Mauricio Valencia could not be served despite due diligence by a registered process server." (Hau Decl., Ex. F.)

12. Defendant filed a Case Management Statement on March 20, 2019. (Hau Decl., Ex. G.)

13. On April 5, 2018, the Court held the case management conference hearing. Plaintiff's attorney represented to the Court that they had not been able to serve Valencia and therefore would voluntarily dismiss Valencia from the case. The Court directed Plaintiff to carry out that voluntary dismissal within seven days of the case management conference hearing. (Hau Decl., Ex. H.)

14. Plaintiff filed a Request for Dismissal as to Valencia on April 12, 2019, and the Court entered that dismissal on that date. (Hau Decl., Ex. I.)

15. Accordingly, Defendant's Notice of Removal must be filed no later than May 13, 2019. *See* 28 U.S.C. § 1446(b)(3) (30-day deadline); Fed. R. Civ. P. 6.

16. This Notice of Removal filed on May 8, 2019, is timely pursuant to 28 U.S.C. § 1446(b)(3).

17. Hertz has not received or filed any papers or pleadings in the State Court Action other than those attached as Exhibits A through I to the Declaration of Mae Hau filed herewith.

**B.    JURISDICTION**

18. The Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. §

-4-

1441(b). Specifically, and as explained more fully below, this action involves citizens of different states. As also explained more fully below, the amount in controversy in this action exceeds the sum of $75,000.

19. At the time this lawsuit was filed, Plaintiff was, and still is, a citizen of the State of California. (Complaint, ¶ 5.) Plaintiff has lived in the San Diego, California area for many years, her domicile is and has been in California for many years, and she still lives in the San Diego area. Plaintiff was, at the time this lawsuit was filed, and presently is a citizen of California.

20. At the time this lawsuit was filed, Hertz was, and still is, a Delaware corporation (its state of incorporation) with its corporate headquarters (*i.e.*, its principal place of business) in the State of Florida. *See* Declaration of LaKeisha Carter ("Carter Decl."), ¶ 3.

21. The Complaint alleges that Valencia is a resident of and domiciled in the County of San Diego, California. (Complaint, ¶ 8.) Valencia, however, has been voluntarily dismissed from this case and is no longer a party.

22. Because Valencia is no longer a party to this case, complete diversity of citizenship exists between Plaintiff and Hertz. Hertz was not or is not a citizen of the State of California, and Plaintiff was not and is not a citizen of Delaware or Florida. Therefore, this case satisfies the citizenship requirement for the exercise of this Court's jurisdiction under 28 U.S.C. § 1332(a).

### III.     AMOUNT IN CONTROVERSY

23. Removal jurisdiction exists where original jurisdiction would also have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332. The court may, for removal purposes, look to the removal papers for underlying facts

1  establishing the jurisdictional limit. *Gaus, supra*, 980 F.2d at 566 (9th Cir. 1992). If the allegations in a complaint do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co.*, 16 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

24. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it. While Plaintiff's Complaint does not clearly specify the amount of damages she seeks, it pleads claims for: (1) sexual harassment; (2) failure to prevent discrimination and harassment; (3) negligent hiring, retention, and/or supervision of unfit employee; and (4) negligent infliction of emotional distress. Plaintiff also seeks damages for, among other things, lost wages, "humiliation, embarrassment, emotional distress, and mental anguish," punitive damages, and attorneys' fees. (*See* Complaint, ¶ 31 and Prayer for Relief.)

25. "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties." *Simmons,* 209 F. Supp. 2d at 1031. The Court may consider "jury verdicts in similar cases," so long as such cases are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012). Analogous cases provide evidence of the amount of emotional distress damages likely to be at issue in the case. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly consider[s] [*inter alia*] . . . emotional distress damage awards in similar [] discrimination cases in [the same state]."); *Simmons*, 209 F. Supp. 2d at 1033-34 (considering damages awarded in a "not perfectly analogous" case as evidence "that emotional distress damages in a successful employment

discrimination case may be substantial"). Likewise, analogous cases also provide evidence of the amount of punitive damages likely to be at issue in the case. *Id.* at 1033 ("To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts."); *see also Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (relying on evidence of similar "disability insurance bad faith" cases in which punitive damages were awarded in determining that the minimum amount in controversy had been met). All claims in a single-plaintiff case, as here, are aggregated to determine the amount in controversy. *See Bank of California Nat'l Assn. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

26. Plaintiff alleges in the Complaint that she was sexually harassed by Valencia, her direct supervisor at Hertz. Plaintiff also alleges that Hertz did not remedy the alleged harassment despite her repeated complaints. Plaintiff claims that Valencia made sexually explicit comments to her such as, "Your lips are so irresistible" and "you are just so beautiful." (Complaint, ¶ 18.) Plaintiff claims that Valencia constantly leered at her, blew her a kiss with his hand, tried to touch her hair, made advances towards her, and undressed her with his eyes. (Complaint, ¶¶ 15-16, 19, 26.) Plaintiff further alleges that "while Valencia was sitting next to Ms. Aguirre and trying to engage in unwelcome conversation, he leaned in and Ms. Aguirre felt Valencia's penis resting on her leg." (Complaint, ¶ 23.) Plaintiff alleges that she "broke into tears" and was traumatized by this experience. (*Id.*) While Defendant sharply disputes Plaintiff's assertions, the foregoing represents Plaintiff's testimony for purposes of establishing the amount in dispute in this lawsuit.

27. In *Sanchez v. California Department of Corrections and Rehabilitation*, No. 1511240074, 2015 WL 7573435 (E.D. Cal. 2015), the plaintiff alleged that a coworker subjected her to a sexually hostile and abusive work environment with unwelcome sexual advances, unflattering comments of a sexual nature, and touched

her inappropriately. The plaintiff also claimed that this coworker touched her body either with his hands or his pelvis in a sexual manner. She asserted that she filed internal complaints with her employer, but her employer failed to take prompt, effective remedial action to protect her. The plaintiff filed a complaint for sex harassment, sex discrimination, retaliation, and failure to prevent harassment, discrimination, and retaliation. After a trial, the jury found in the plaintiff's favor and awarded her $550,000 in emotional distress damages and $15,000 in punitive damages.

28. In *Mirtha Sornia v. El Centro Elementary School District*, 2006 Jury Verdicts LEXIS 45453 (S.D. Cal. 2006), the plaintiff, a 36-year-old bus driver, claimed that she was sexually harassed by her supervisor. The plaintiff claimed that her supervisor harassed her by making sexual comments, suggestions, and advances, including comparing a broomstick to the size of his penis, suggesting that she use a water-bottle to pleasure herself, and pantomiming as if he were performing oral sex on her. A jury found in the plaintiff's favor and awarded her $400,000 in emotional distress damages alone. The jury also awarded the plaintiff $32,500 in punitive damages.

29. In *Sandra Smith v. Federal Express Corporation*, CV-02-01149 FMC (JTLx), 2003 Jury Verdicts LEXIS 50658 (C.D. Cal. 2003), the plaintiff, a part-time employee, filed a claim against her employer alleging strict liability for the sexual harassment perpetrated by her team leader. The plaintiff claimed that her team leader made sexually suggestive comments to her about her appearance. She alleged that he made comments such as, "If I were to say you look very sexy in those pants, it would be sexual harassment, so I won't say it." She claimed that on at least one occasion, he commented on her hair by saying, "I like that wild look. It's sexy. It turns me on." The plaintiff also claimed that her team leader grabbed her head and forcibly kissed her on the mouth. A jury found in favor of the plaintiff

1  and awarded her $250,000 in emotional distress damages. The court then added an
2  additional $230,000 in attorneys' fees.

3  30.  Given the allegations in Plaintiff's Complaint, and despite the fact that Defendant vigorously disputes these allegations, Defendant has carried its burden of demonstrating that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

31.  Given Defendant's net worth and annual income which are matters of public record, punitive damages as sought by Plaintiff (to which Defendant asserts she is not entitled) are also likely to exceed $75,000 should a trier of fact believe all of the factual statements asserted in Plaintiff's Complaint.

32.  While Defendant has produced solid evidence in support of its Notice of Removal, it is noteworthy that in *Dart Cherokee Basin Operating, LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court held that a defendant's notice of removal of a case from state to federal court need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; it does not need to contain evidentiary submissions.

33.  For the foregoing reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## Venue

34.  Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 84(d) and 1441(a) because this Court's territorial jurisdiction includes San Diego County, California, where the State Court Action was filed and is pending.

35.  Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of

1  Removal with the clerk of the Superior Court of the State of California in and for the
2  County of San Diego, as further required by that statute.
3      For all of the foregoing reasons, Defendant respectfully submits that the State
4  Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

6  Dated: May 8, 2019        NIXON PEABODY LLP

8                                      By:_____/s/ Mae Hau_____
9                                          Robert A. Dolinko
                                        Mae K. Hau
10                                        Attorneys for Defendant
11                                        THE HERTZ CORPORATION