UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA AGUIRRE,<br><br>                      Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, et al.,<br><br>                      Defendants. | Case No. 19-cv-866-MMA (KSC)<br><br>**ORDER LIFTING STAY AND ORDER TO SHOW CAUSE** |

On October 24, 2018, Plaintiff Nadia Aguirre ("Plaintiff") filed this civil action alleging sexual harassment. *See* Doc. No. 1. On May 26, 2020, Defendant The Hertz Corporation ("Defendant") notified the Court of its voluntary Chapter 11 petition filed under Case Number 20-11218 (MFW) in the U.S. Bankruptcy Court for the District of Delaware. *See* Doc. Nos. 23, 24. The case was automatically stayed pursuant to 11 U.S.C. § 362(a). *See* Doc. Nos. 23–25.

### I. Lift of Bankruptcy Stay

It has been three years since this case was stayed. As an initial matter, the Court notes that Defendant failed to file its May 15, 2023 status report regarding the bankruptcy stay. *See* Doc. No. 40. In its October 11, 2022 Order, the Court *sua sponte* took judicial notice of the docket in Defendant's bankruptcy case, Case No. 20-11218 (MFW) in the

U.S. Bankruptcy Court for the District of Delaware.  *See* Doc. No. 31; *see also* Docket, *In re The Hertz Corporation, et al.,* No. 20-11218 (MFW) (Bankr. Del.).  There has been no activity in *In re The Hertz Corporation, et al.* in over eight months.  *See id.*

The bankruptcy case was on closed September 28, 2021.  *See* Docket, *In re The Hertz Corporation, et al.,* No. 20-11218 (MFW).  Since then, in two status reports Defendant represented without explanation that the automatic stay remains in effect.  *See* Doc. Nos. 36, 38.  However, pursuant to 11 U.S.C. § 362(c):

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section—
>
> > (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> >
> > (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
> >
> > > (A) the time the case is closed;
> > >
> > > (B) the time the case is dismissed; or
> > >
> > > (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C. § 362(c).

Accordingly, the Bankruptcy Code's automatic stay no longer applies here.  *See* 11 U.S.C. § 362(c)(2)(A).  The Court therefore **LIFTS** the stay of proceedings in this Court.

## II. O<sub>RDER TO</sub> S<sub>HOW</sub> C<sub>AUSE</sub>

Plaintiff is a *pro se* litigant.  In its February 14, 2023, status report, Defendant stated that "Plaintiff was required to submit a [Proof of Claim] with the bankruptcy court regarding the claims made in the instant lawsuit" and failed to do so "by the deadline of October 21, 2020," and that "Defendant will be sending Plaintiff a letter advising her that

she must dismiss her claims in the instant action because she is prohibited under the Bankruptcy Court rules from pursuing these claims." Doc. No. 38 at 2. In that same report, Defendant also stated that it "has not receive any communications from Plaintiff." *Id.*

On June 16, 2023, Judge Crawford held a telephonic Case Management Conference. *See* Doc. No. 42. Counsel appeared for Defendant. *Id.* Plaintiff failed to appear. *Id.*

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE in writing** on or before **July 24, 2023**, for her failure to appear at the Case Management Conference. Specifically, Plaintiff must explain (1) why she did not attend the Case Management Conference; and (2) whether she intends to pursue her claims in this Court. If Plaintiff fails to timely respond to or otherwise comply with this Order, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED**.

Dated: June 23, 2023

HON. MICHAEL M. ANELLO
United States District Judge